IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 16 2011

J. T. NOBLIN, CLERK
BY_____ DEPUTY

STEVEN D. SANSOM, LARRY M.
PERRY, and BRIAN K. CARVER                                          PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:11CV93 HTW-LRA

THE CITY OF JACKSON, MISSISSIPPI, and
POLICE DEPARTMENT OF THE CITY OF
JACKSON, MISSISSIPPI                                                DEFENDANTS

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COME NOW Plaintiffs STEVEN D. SANSOM, LARRY M. PERRY, and BRIAN K.

CARVER (collectively, "Plaintiff Officers"), and file this Complaint against the City of Jackson,

Mississippi and the Jackson Police Department, and in support thereof would show unto the

Court the following:

### PARTIES

1.      Plaintiff Steven D. Sansom is an adult resident citizen of Hinds County,

Mississippi, residing at P.O. Box 16532, Jackson, Mississippi, 39236, and is an employee of JPD

and the City of Jackson.

2.      Plaintiff Larry M. Perry is an adult resident citizen of Hinds County, Mississippi,

residing at 1080 S. Palestine Road, Raymond, Mississippi, 39154, and is an employee of JPD

and the City of Jackson.

3.      Plaintiff Brian K. Carver is an adult resident citizen of Hinds County, Mississippi,

residing at 1424 Forbes Drive, Jackson, Mississippi, 39272, and is an employee of JPD and the

City of Jackson.

1

4.      Defendant City of Jackson, Mississippi ("Jackson") is a municipal corporation incorporated by virtue of the laws of the State of Mississippi, and may be served with process by way of serving Ms. Brenda Pree, City Clerk for the City of Jackson, 219 South President Street, Jackson, Mississippi, 39205.

5.      Defendant Police Department of the City of Jackson ("JPD") is a duly authorized agency of The City of Jackson, and may be served with process by way of serving Police Chief Rebecca Coleman, 126 East Roach Street, Jackson, Mississippi, 39205.

## JURISDICTION AND VENUE

6.      Plaintiffs respectfully submit that jurisdiction is proper in this matter based upon the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331, in that this dispute involves predominant issues of federal law, namely actions arising under the federal Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. §201, *et seq.*  The FLSA also grants independent jurisdiction over this action.  29 U.S.C. §216.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) in that the City of Jackson and JPD are located in this Court's jurisdiction, and the events or omissions giving rise to the claims involved occurred in this judicial district, division, and State.

## TRIAL BY JURY

7.      Plaintiffs respectfully request a trial by jury as they are entitled under the United States Constitution, Seventh Amend., and Fed. R. Civ. P. 38.

## APPLICABILITY OF THE FLSA

8.      The minimum wage and overtime provisions of the FLSA apply to employees of municipalities.  *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct.

1005, 83 L.Ed. 1016 (1985).[1] The U.S. Department of Labor has decreed that local government employers are to be held accountable to the standards set forth in the FLSA. *Childers v. City of Eugene*, 922 F. Supp. 403, 411 (D. Or. 1996).

9.      The overtime provisions of the FLSA apply to municipal employers and, more specifically, municipal police officers. *See, e.g., Monahan v. County of Chesterfield*, 95 F.3d 1263 (4th Cir. 1996); *Debraska v. City of Milwaukee*, 131 F.Supp. 2d 1032 (E.D. Wis. 2000); *Cranford v. City of Slidell*, 25 F.Supp.2d 727 (E.D. La. 1998).

10.     The overtime requirements of the FLSA are binding and cannot be waived by employees. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1007 (5th Cir. 1984).

11.     The Plaintiff Officers have not entered into a collective bargaining agreement with the City of Jackson and/or JPD which modifies the Officers' rights under the FLSA.

12.     Officer Perry and Officer Carver are both hourly employees and, as such, are entitled to certain protections, benefits and compensation for all hours worked over their typical 40 hour week. While Sgt. Sansom's rank could possibly qualify him as having an "executive" position, and therefore exempt from the FLSA's overtime provisions, JPD has defined and classified Sgt. Sansom's rank as one which may accrue overtime compensation.

## FACTS

13.     Sergeant Sansom is currently employed with the City of Jackson and JPD as a Police Officer, and has been with JPD for over thirty years.

---

[1] Overruled in part on other grounds based on the Supreme Court's subsequent holding that the FLSA does not abrogate a State's Eleventh Amendment right of immunity. *See Palotai v. University of Maryland College Park*, 959 F. Supp. 714 (D. Md. 1997)(discussing the effect of *Seminole Tribe v. Florida*, 517 US 44 (1996) on *Garcia*). This holding does not affect the determination that the FLSA applies to local government employees.

14.     Officer Perry is currently employed with the City of Jackson and JPD as a Police Officer, and has been with JPD for over eight years.

15.     Officer Carver is currently employed with the City of Jackson and JPD as a Police Officer, and has been with JPD for over 18 years.

16.     The City of Jackson's Department of Personnel Management has published an Employee Handbook ("Handbook") for City of Jackson employees.  A true and correct copy of this Handbook is attached as Exhibit "A."

17.     The Handbook allows JPD Officers to work overtime "when deemed to be in the best interest of the *City*."  Exhibit "A," Section 5.4.1.

18.     The Handbook addresses the maintenance of personnel records, including records relating to payroll and employee compensation, and states "[i]n accordance with the provisions of the Fair Labor Standards Act, the Department of Personnel Management shall prepare, maintain, and preserve records on wages, hours, and other conditions and practices of employment of all City employees."  Exhibit "A," Section 7.1.3.

19.     According to JPD General Order No. 200-26, entitled "Employee Workday and Meal Period," the workweek for JPD is 40 hours and the normal workday is eight hours.  A true and correct copy of General Order No. 200-26 is attached hereto as Exhibit "B."

20.     General Order No. 200-26 also states that "[i]n executing this policy, all personnel are reminded of the department's and the City's need to comply with the provisions of the Fair Labor Standards Act, as stated in the department's policy and guidelines regarding overtime-pay practices."  Exhibit "B."

21.     General Order No. 300-4, entitled "Attendance Records and Leaves of Absences," states the following:  "Overtime verification forms indicating the officer's name, assignment,

4

overtime hours worked, date worked and supervisor's signature shall be attached to the Time

Attendance Record for any overtime incurred by the employee." A true and correct copy of

General Order No. 300-4 is attached hereto as Exhibit "C."

22.     While the Plaintiff Officers' work week is 40 hours, the City of Jackson and

JPD's pay period is 80 hours over a 14 day cycle.

23.     JPD's overtime policy for Patrolmen and eligible Sergeants is **supposed** to work

as follows: the Officers are paid a set wage per month, but this is based on a 40-hour work week

and 80 hour, 14 day pay periods. The Plaintiff Officers' pay stubs are broken down into an

hourly rate for the purpose of calculating any overtime earned beyond the standard 80 hour, 14

day pay period: For the first six (6) hours of overtime worked over and above the 80 hours, the

Officers are still paid at their normal hourly rate; for any hours worked beyond these (6) initial

hours, the Officers are paid at the overtime rate, or "time and a half."

24.     This overtime **policy**, as written, seems to fall within a valid exception to the

FLSA's rigid requirement of "time and a half" payments for all hours worked above the standard

40 hour work week. However, the City of Jackson and JPS's **practice** of paying overtime,

which routinely does not compensate Officers for all overtime hours which should be paid at the

FLSA-mandated rate of "time and a half," does indeed violate the FLSA's overtime provisions.

25.     At its discretion, JPD can determine that overtime hours will be paid with

compensatory time in lieu of "time and a half" payments. Compensatory time is time which

builds up and may later be used by the Plaintiff Officers to take off of work while still receiving

pay. Under the FLSA, compensatory time must accrue at a rate of one and a half hours for each

hour of overtime worked. 29 U.S.C. §207(o).

26.    In 2003 or 2004 the JPD Officers were informed that the City of Jackson no longer needed to follow the overtime compensation policies it had been adhering to, without a full explanation of the reason why.

27.    Since this time, the City of Jackson and JPD have not fully compensated their Officers in accordance with FLSA mandates.  The Officers have not been receiving "time and a half" pay for all overtime hours worked.  The Officers have also not been receiving one and a half hours compensatory time for each overtime hour worked when the City of Jackson and JPD elect to use compensatory time in lieu of "time and a half" overtime payments.  In fact, sometimes the Officers are not compensated at all for overtime hours worked.

28.    In May of 2010, JPD held a staff meeting and listed as Item 23 for discussion: "Special Events detail that payments will be completed by the D/C [Deputy Chief's] office." The Officers were informed that whenever they were mandatorily assigned to work certain special events – such as the Mississippi State Fair, the International Ballet Competition, and parades – they would be paid out of a special fund.  A true and correct copy of a typed handout of meeting points distributed at this May of 2010 meeting, with Sgt. Sansom's handwritten notes, is attached hereto as Exhibit "D."

29.    This "special pay," as it was called, would be paid as a flat rate, not the Officers' typical "time and a half" overtime rate.  This "special pay" was, in some instances, more than an Officers' normal rate of pay and, in some instances, less that an Officers' normal rate of pay.  Also, these hours would not be available to be applied towards the Officers' compensatory time accrual.

30.    To receive this "special pay," each Officer is required to fill out a special overtime slip with the Officer's identifying information and the amount of hours worked.  A

master list is then prepared and forwarded through the chain of command to Deputy Chief Eric

Wall.  After his review, the list is sent to the City of Jackson's Fiscal Affairs Department.  These

"special pay" hours are not listed on the Officers' time sheets, but the pay is added to their

regular checks, with a line item space for the amount which was "special pay."

31.    These "special pay" work assignments were mandatory, not voluntary.

32.    The Plaintiff Officers performed their normal job duties and continued to be

employed by the City of Jackson and JPD while working these "special pay" work assignments.

33.    Often times the Plaintiff Officers were not even fully compensated at the flat rate.

Plaintiff Officers have, at times, been told that "there was not enough money" and that they

would not be paid for hours already worked.

34.    A second policy which violates various provisions of the FLSA involves the JPD

Officers' mandatory assignments to work security detail for Jackson State University ("JSU")

home football games.  The Plaintiff Officers are ordered to work these games and the hours are

in addition to their normal 40-hour work week.  The Plaintiff Officers are given a "choice":  (a)

these overtime hours may be added to their compensatory time accrual for use at a later date, (b)

but if the officers want to be paid for this overtime work, they are required to sign a form making

them independent contractors.

35.    The Plaintiff Officers are being pressured to take option (b).  Under option (b), the

Plaintiff officers are allegedly working the JSU games not as JPD Officers but under a separate

contract, allegedly as employees of a separate and independent employer.  The practical effect of

this ruse is that the hours are now not considered overtime, and they may now be paid at a flat

hourly rate.

36.     However, when the Plaintiff Officers choose option (a), they must still work the security detail as JPD Officers.  In this scenario the Officers **should** receive compensatory time at a rate of one and half hours per each overtime hour worked, as mandated by the FLSA.  *See* 29 U.S.C. §207(o).

37.     The City of Jackson and JPD's compensatory time policy only allows JPD Officers to accrue compensatory time at a rate of one hour per each overtime hour worked.  This policy is applied to the accrual of all compensatory time, and is not limited to mandatory JSU football game security detail assignments.

38.     This "one hour worked, one hour earned" policy of accruing compensatory time, which violates the FLSA, came straight from Commander Lance Felton.

39.     This "one hour worked, one hour earned" compensatory time policy exists despite the fact that JPD time cards state on their face that "time and a half" is supposed to be given for each hour of overtime worked.

## CLAIMS FOR RELIEF

### I.     VIOLATION OF THE FLSA'S OVERTIME PROVISIONS

40.     According to the FLSA, "no employer shall employ any of his employees… for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. §207(a).

41.     The  City of Jackson and JPD's practice of not fully compensating the Plaintiff Officers for all overtime hours worked at the rate of "time and a half" violates the FLSA's overtime provisions.

42.     Officer Perry, Officer Carver and Sgt. Sansom have routinely been forced to work in excess of 80 hours, including mandated, not voluntary, "special pay" or "special detail" assignments.  The Plaintiff Officers have not, however, been compensated for these hours pursuant to the FLSA overtime guidelines.

43.     The City of Jackson and JPD have consistently and willfully refused to abide by the FLSA's overtime provisions and have not adequately compensated the Plaintiff Officers for overtime hours already worked.

44.     The Plaintiff Officers seek monetary damages equaling full back-pay for all overtime hours worked that were not compensated by "time and a half" payments as mandated by the FLSA.

45.     The Plaintiff Officers seek monetary damages for all such violations for the preceding three (3) years, as is allowed by 29 U.S.C. §255(a), for the City of Jackson and JPD's willful violations of the FLSA's overtime provisions.

## II.     VIOLATION OF THE FLSA'S COMPENSATORY TIME PROVISIONS

46.     According to the FLSA,

> Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

29 U.S.C. §207(o).

47.     Officer Perry, Officer Carver and Sgt. Sansom have routinely been forced to work in excess of 80 hours, including without limitation mandatory assignments to work security detail at JSU football games, when the City of Jackson and JPD has determined that they would be compensated with compensatory time.  The Plaintiff Officers have not, however, been compensated for these hours pursuant to the FLSA overtime and compensatory time guidelines.

48.     The City of Jackson and JPD have consistently and willfully refused to abide by the FLSA's overtime and compensatory time provisions and have not adequately compensated the Plaintiff Officers for overtime hours already worked.

49.     The Plaintiff Officers seek monetary damages equaling full back-pay for all overtime hours, which had been designated to be compensated by compensatory time pursuant to FLSA standards but were, in fact, only compensated by one hour of compensatory time for each overtime hour worked, and which have been previously used by the Plaintiff Officers.

50.     The Plaintiff Officers seek monetary damages for all such violations for the preceding three (3) years, as is allowed by 29 U.S.C. §255(a), for the City of Jackson and JPD's willful violations of the FLSA's compensatory time provisions.

51.     The Plaintiff Officers further demand that all currently built-up compensatory hours be adjusted upward to reflect compensation at a rate of one and a half hours of compensatory time for each overtime hour already worked.

### III.     DAMAGES

#### A.     CLAIM FOR LIQUIDATED DAMAGES

52.     As noted above, the Plaintiff Officers seek monetary damages for all the City of Jackson and JPD's willful violations of the FLSA's overtime and compensatory time provisions for the preceding three (3) years, as is allowed by 29 U.S.C. §255(a) for willful violations.

53.     The Plaintiff Officers also seek an additional equal amount in liquidated damages as allowed under 29 U.S.C. §216(b).

54.     "An employer who violates the FLSA's overtime compensation requirements ordinarily must pay the employee for his unpaid overtime work, plus an additional equal amount

as liquidated damages." *Desmond v. PNGI Charles Town Gaming, LLC*, 661 F. Supp. 2d 573, 585 (N.D. W.Va. 2009).

> **B.      CLAIM FOR REASONABLE ATTORNEYS' FEES AND EXPENSES**

55.      Plaintiff Officers also seek their reasonable attorneys' fees and expenses as allowed under 29 U.S.C. §216(b).

> **C.      CLAIM FOR COSTS AND PRE- AND POST-JUDGMENT INTEREST**

56.      Plaintiff Officers also seek all costs of this action as allowed under 29 U.S.C. §216(b).

57.      Plaintiff Officers also seek all pre- and post-judgment interest on all monetary damages and liquidated damages found to be owed.

This the 16th day of February, 2011.

Respectfully Submitted,

**STEVEN D. SANSOM, LARRY M. PERRY, and BRIAN K. CARVER**

By: _____
Jeffery P. Reynolds, MSB No. 5305

OF COUNSEL:

Jeffery P. Reynolds, P.A.
P.O. Box 24597
200 South Lamar Street, Suite 1050-S
Jackson, Mississippi 39225
601-355-7773 (Telephone)
601-355-6364 (Facsimile)
jeff@jprpa.com